Mr. White, who argued for the person offering the copy in evidence, relied on the practice in the superior courts.

The copy of the deed produced was certified by A. B., deputy register, for C. D., register.

Mr. Haywood, for the defendants, objected that it ought to have been certified by the principal register by his deputy, and not by the deputy for the principal.

PER CURIAM. This is a mere verbal criticism. The meaning is the same, either way. The general rule is that a person can do that by another which he can do himself. The register might by his deputy certify; and whether it is signed thus: A. B., register, by C. D., deputy register, or thus: C. D., deputy register, for A. B., register, is immaterial, for it means the same thing, viz., the act of the principal by the deputy, and is good.

---

## Case No. 3,162.

### COOK et al. v. LANSING.

[3 McLean, 571.][1]

Circuit Court, D. Illinois. June Term, 1847.

ASSIGNEE IN BANKRUPTCY — SUIT BY BANKRUPT— PLEA IN ABATEMENT.

1. Under the bankrupt law [of 1841 (5 Stat. 443)], all the interests and effects of a bankrupt may pass to his assignee, and suits should be brought in his name, or for the benefit of the creditors whom he represents.

2. To a suit in the name of the bankrupt the defendant may plead the bankruptcy, and the appointment of an assignee, in abatement.

Mr. Baker, for plaintiffs.
Cole & Brown, for defendants.

OPINION OF THE COURT. This action is founded on a judgment obtained in the state of New York. The defendants pleaded that plaintiffs [Cook & Maxwell] filed their petition in bankruptcy, that an assignee was appointed, that the above judgment was placed on the schedule as assets, and that the right having passed out of the plaintiffs to the assignee, the suit should have been brought in his name. To this plea a demurrer was filed.

Under the bankrupt law, the entire property and interests of the bankrupt were vested in the assignee. Provision was made for the prosecution of suits then pending; but all suits commenced after the appointment of the assignee, should be brought in his name, or at least prosecuted for the benefit of the creditors, whom he represents. And as this suit has not been brought in either of these forms, but by the bankrupts, the demurrer to the plea is overruled.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

---

## Case No. 3,163.

### COOK v. MALLORY.

[44 Hunt, Mer. Mag. 627.]

District Court, New York.[1] 1861.

COLLISION—CHANGE IN THE RULE OF DAMAGES.

The rule of general law which gave damages for a collision to the full amount of the injury is superseded by the statute of 1851 [9 Stat. 635] which limits the recovery to the amount of the interest of the owners in the colliding vessel and her freight pending at the time of the collision, and the power of the court to award greater damage is abolished by positive law.

---

COOK (NORRIS v.). See Case No. 10,305.

---

## Case No. 3,164.

### COOK v. OLIVER et al.

[1 Woods, 437.][2]

Circuit Court, S. D. Georgia. April Term, 1870.

STATUTE OF CONFEDERATE STATE—JUDGMENT RENDERED WITHIN.

1. An act of the insurrectionary legislature of Georgia abolishing the vendor's lien is valid and binding.

2. The judgment of a court of a state in insurrection merely settling the rights of private parties actually within its jurisdiction, not tending to defeat the just rights of citizens of the United States, nor in furtherance of laws passed in aid of the Rebellion, is valid.

This was an appeal from the bankrupt court [of the United States] for the southern district of Georgia.

R. F. Lyon, for Cook.
W. S. Basinger, for defendants.

WOODS, Circuit Judge. This case presents a controversy between two creditors of certain bankrupts as to which has the superior lien upon the proceeds of certain real estate of the bankrupts which has been sold by the assignee in bankruptcy. In June, 1863, while the state of Georgia was engaged in rebellion against the United States, John Neal recovered a judgment in Daugherty superior court against Beers and Brinson, for $5,088, which by the laws of Georgia became a lien on the real estate of the judgment debtors of which they were then seized, or which they might afterwards acquire. On January 5, 1865, Hamlin J. Cook sold and conveyed to Beers and Brinson, the bankrupts, certain real estate, the proceeds of which are the subject of this controversy. A part of the purchase money remained unpaid, and Cook claimed the vendor's lien therefor. The question now is, which has the better right to the proceeds of that real estate? Neal, by virtue of his judgment lien, or Cook, by virtue of his vendor's lien? It is conceded that before sale by Cook to Beers and

---

[1] [District not given.]
[2] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Brinson, the legislature of Georgia—the state being then in insurrection against the United States—passed an act repealing what is known as the vendor's lien. But counsel for Cook claimed, first, that the judgment of Neal is void, because rendered by an illegal court: and, second, that the act of the legislature is of no effect, because passed by a revolutionary and unlawful body. The decision of these points will decide the case.

The question of the validity or invalidity of the acts of the legislature of the insurgent states during the Rebellion was considered by the supreme court of the United States in the case of Texas v. White, 7 Wall. [74 U. S.] 733, and the law was laid down in these words: "It is not necessary to attempt any exact definitions within which the acts of such a state government must be treated as valid or invalid. It may be said, perhaps with sufficient accuracy, that acts necessary to peace and good order among citizens, such for example. as acts sanctioning and protecting marriage and the domestic relations, governing the course of descents, regulating the conveyance and transfer of property, real and personal, and providing remedies for injuries to person and estate, and other similar acts which would be lawful if emanating from a lawful government, must be regarded in general as valid when proceeding from an actual though unlawful government, and that acts in furtherance or support of rebellion against the United States or intended to defeat the just rights of citizens, and other acts of like nature, must in general be regarded as invalid and void." This decision lays down the rule by which I feel I ought to be governed, and it accords fully with my own views. The act repealing the vendor's lien was in the exact language of the court, one "regulating the conveyance and transfer of real property." It was not in furtherance of the rebellion against the United States, and although passed by an insurrectionary legislature, must be regarded as valid.

The same principle applies to the courts of the insurgent states. If the acts of the insurrectionary legislature within the limits above indicated were valid, it would seem to follow as an inevitable inference that the proceedings of the courts which enforced and administered such laws must be regarded as valid. When the action of the courts of the rebellious states were simply directed to the settlement of the rights of private persons, when they did not tend to defeat the just rights of citizens of the United States; when they were not in the furtherance of laws passed to sustain or uphold the Rebellion; when they were not used for the purpose of oppressing those who adhered to the United States; in short. when the decision of the court could not from the nature of the case be influenced by the existing Rebellion, in such case the action and judgment of the court is binding on the parties actually within the jurisdiction of the court.

It follows from these views and the agreed facts in this case, that the lien of Neal, the judgment creditor, is superior to the lien of the vendor Cook for his purchase money. I feel that this is a case of hardship on Cook, but that is the fault of the legislature of Georgia and not of this court. The judgment of the district court is affirmed.